R. F. GEORGE & CO. v. AURORA LUTZ.

In a case appealed from the county court of W. to the district court, the appellee moved to dismiss the appeal, on the ground that the appeal bond was defective, in that it did not show from what tribunal the appeal was taken. The objection to the bond was sustained, but the appellee was allowed thirty days to file a good and sufficient bond. This was held not to be error, under Sections 21, 22, 23 and 25 of the act of 1866, organizing county courts.

APPEAL from Walker. Tried below before the Hon. A. C. Woodall.

There is no occasion for a statement of the facts.

*Abercrombie & Banton*, for appellants.

*Randolph & McKinney*, for appellees, cited sections 21, 22, 23 and 25, of the act of 1866, organizing county courts; Herndon v. Bremond, 17 Texas, 432; Shelton v. Wade, 4 Texas, 148; Berry v. Martin, 6

Texas, 264; Herndon v. Rice, 21 Texas, 455; and 31 Texas, 173.

WALKER, J.—There is plenty of evidence in this record to have satisfied the jury that Davidson, the brother-in-law of the appellee, acted in fraud of the rights of his creditors. But it does not affect the rights of the appellee in such a manner as to vitiate the verdict of the jury. The jury are better able to understand the evidence, and to apply it to the rights and interests of parties, than we would be were we to undertake it. We find no fault with the judgment of the district court in refusing to dismiss the appeal from the county court, and allowing a new bond to be filed. This is the only legal question presented for our consideration. All the other questions raised upon the trial were of fact rather than law, and addressed themselves to the jury; and for reasons often given heretofore by this court, we shall not interfere with the verdict, but will affirm the judgment of the district court.

AFFIRMED.